UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| AISHA BRANCH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 2:25-CV-109-PPS-JEM |
| | ) |
| BRICKYARD HEALTHCARE, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

Aisha Branch, representing herself *pro se*, appears to assert two theories of Title VII discrimination against her former employer Brickyard Healthcare. Brickyard has moved to dismiss Branch's complaint under Rule 12(b)(6) for failure to state a claim. As discussed below, Branch has sufficiently stated two plausible claims under Title VII, so her claims will proceed.

**Background**

For purposes of this opinion, I take all well-plead facts as true. Brickyard Healthcare terminated Aisha Branch on November 21, 2023. [DE 1 at 2.] The circumstances surrounding that termination are not entirely clear to the Court. Branch says another employee named Chrissy confronted her in a resident's room at the Brickyard Healthcare facility they worked at. [*Id.*] An argument seems to have ensued. Branch says the dispute carried into the hallway. [*Id.* at 3.] Later that day, the director of the facility called Branch into his office. [*Id.*] He told Branch witnesses said she acted inappropriately during the disagreement with her coworker, and she had left the

1

building during her shift. [*Id.*] As a result, Brickyard fired Branch.

Branch denies leaving the building during her shift and disputes Brickyard's summation of the incident with her coworker. She alleges unlawful termination on the basis of her race. Branch says Brickyard failed to interview the only other black employee about the incident that led to her termination. [*Id.* at 2.] In addition to her termination, Branch says she previously complained to her director about harassment she received from staff and residents at the Brickyard facility. [*Id.* at 2–3.] Branch says residents called her racial slurs, and she says management knew of this harassment. [*Id.* at 4.]

## Discussion

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted); *accord Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While I must accept all factual allegations as true and draw all reasonable inferences in the complainant's favor, I don't need to accept threadbare legal conclusions supported by purely conclusory statements. *See Iqbal*, 556 U.S. at 678. The plaintiff must allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Making the plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

In addition, as is relevant here, I am mindful that "[a] document filed *pro se* is to

be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

I.   **Branch States a Claim Under Title VII**

Branch appears to allege two theories of Title VII discrimination. First, she alleges an unlawful termination claim. Title VII makes it unlawful for an employer to refuse to hire or to discharge any individual, or to otherwise discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of that individual's race, color, religion, sex, or national origin. *Barbera v. Pearson Educ., Inc.*, 906 F.3d 621, 628 (7th Cir. 2018); 42 U.S.C. §2000e-2(a)(1).

At the pleading stage, Branch "need only aver that the employer instituted a (specified) adverse employment action against the plaintiff on the basis of her [race]." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008). Indeed, the Supreme Court has been clear that it "has never indicated that the requirements for establishing a prima facie [Title VII discrimination] case under *McDonnell Douglas* also apply to the pleading standard that plaintiffs must satisfy in order to survive a motion to dismiss." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510 (2002).

Branch's termination is an obvious adverse employment action, and her complaint plausibly alleges Brickyard terminated her because of her race. Branch says Brickyard told her that it terminated her because of her dispute with a coworker and its belief that she left work during her shift. Branch denies both asserted bases for her termination and says Brickyard discriminated against her. She says she was one of

3

only two black employees and alleges Brickyard did not interview the other black employee about the events in question. Branch also alludes to inconsistent application of Brickyard's tardiness policy based on race. These allegations collectively raise a plausible allegation of Title VII race discrimination.

Branch also seems to allege a hostile work environment claim. "Title VII prohibits the creation of a hostile work environment." *Vance v. Ball State Univ.*, 570 U.S. 421, 427 (2013). Plaintiffs "must show that the work environment was so pervaded by discrimination that the terms and conditions of employment were altered." *Id.* Hostile work environment claims differ from discrete claims of racial discrimination because they involve repeated conduct. *See Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 115 (2002). As above with her discrimination claim, the pleading standard for a hostile work environment claim at the motion to dismiss stage differs from the fulsome evidentiary standard relevant at summary judgment or trial. Branch alleges residents called her racial slurs on numerous occasions and that management was aware of and did nothing to abate this abuse. She also alludes to certain staff members who created a hostile work environment. These allegations are likewise enough to survive dismissal.

## Conclusion

For the aforementioned reasons, Brickyard Healthcare's Motion to Dismiss [DE 10] is **DENIED**.

**SO ORDERED.**

ENTERED: September 16, 2025.

/s/ Philip P. Simon  
PHILIP P. SIMON, JUDGE  
UNITED STATES DISTRICT COURT

4